UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHN FREDERICK WHEELER, | ) | Case No.: 1:11-cv-01430 AWI JLT |
| Plaintiff, | )<br>)<br>) | ORDER WITHDRAWING THE FINDINGS<br>AND RECOMMENDATION TO DISMISS |
| v. | )<br>) | THE ACTION |
| UNITED STATES POSTAL SERVICE, | )<br>) | (Doc. 4) |
| Defendant. | )<br>) | |

On August 24, 2011, John Frederick Wheeler ("Plaintiff") initiated this action by filing his complaint on August 24, 2011. (Doc. 1). However, Plaintiff failed to pay the requisite filing fee. On August 30, 2011, the Court ordered Plaintiff to pay the filing fee within fourteen days of service of the order, or in the alternative, file a motion to proceed in forma pauperis. (Doc. 2 at 2). Plaintiff failed to file respond to the Court's Order. Therefore, the Court issued a Findings and Recommendations to dismiss the matter for failure to pay the filing fee and failure to obey the Court's orders on September 16, 2011. (Doc. 4).

On September 21, 2011, Plaintiff filed Objections to the Findings and Recommendations. (Doc. 6). Plaintiff alleges, "he thought he had included a motion to proceed in forma pauperis" when he initiated the action by filing his complaint. *Id* at 1. Once made aware of his failure to do so, Plaintiff filed a motion to proceed in forma pauperis on September 21, 2011. (Doc. 7). Further, according to Plaintiff, "he never recived (sic) the order from this court to pay filing fees

or in the alternative, file a motion to proceed in forma pauperis." (Doc. 6 at 1).[1] Based upon the facts presented in the Objections and Plaintiff's filing of a motion to proceed in forma pauperis, the Court finds there is good cause for the Findings and Recommendations to be withdrawn.[2]

Accordingly, **IT IS HEREBY ORDERED**:

The Findings and Recommendations dated September 16, 2011 are **WITHDRAWN**.

IT IS SO ORDERED.

Dated:   **September 26, 2011**                              /s/ Jennifer L. Thurston
                                                                                       UNITED STATES MAGISTRATE JUDGE

---

[1] The Court is skeptical of Plaintiff's claims regarding receipt of his mail, and notes that Plaintiff has made similar allegations in the past after the Court has either recommended dismissal of an action or judgment has been entered against him. For example, on February 22, 2011, Plaintiff complained he had difficulty sending and receiving mail from the hotel in which he lived at 1010 S. Union Ave., because the color of the building was the same as a mental health facility located at 1010 ½ S. Union Ave, and "sometimes the mail carrieer (sic) will leve (sic) the mail for 1010 S. Union at 1010 ½ S. Unition." Case No. 1:09-cv-01772-OWW-SKO (Doc. 21). On June 23, 2011, Plaintiff filed a complaint against the U.S. Postal Service for failure to deliver mail to a new address located at 2201 Hughes Lane, and after judgment was entered Plaintiff filed belated objections to the Findings and Recommendations asserting his mail was not delivered to the proper address. Case. No. 1:11-cv-1045-LJO-JLT (Doc. 7). Similarly, on August 8, 2011, Plaintiff filed objections in a case that had been closed *for over one year*, asserting he only received the Findings and Recommendation to dismiss the action two weeks before at the 1010 S. Union address, when he went to pick up his mail. Case. No. 1:10-cv-00851-OWW-JLT (Doc. 10).

The Court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); *United States v. Bernal-Obeso*, 989 F.2d 331, 333 (9th Cir. 1993). The Court's records and docket entries are sources whose accuracy cannot reasonably be questioned, and therefore judicial notice is taken of the court dockets in the aforementioned actions, including case numbers: 1:09-cv-01772-OWW-SKO, 1:11-cv-1045-LJO-JLT, and 1:10-cv-00851-OWW-JLT.

[2] Notably is *not* the Court's obligation to ensure that Plaintiff receives his mail. Pursuant to Local Rule 183, "A party appearing in propria persona shall keep the Court . . . advised as to his or her current address." The Court will serve Plaintiff at the address on the record, which is 2201 Hughes Lane. There, the Court's obligation begins and ends. It is Plaintiff's obligation, not the Court's, to make arrangements for Plaintiff to obtain his mail. Therefore, in the future, the Court *will not* accept Plaintiff's claim regarding his failure to receive mail that has been properly served by the Court as good cause for failure to respond to a Court order.