UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN FREDERICK WHEELER, Plaintiff, v. UNITED STATES POSTAL SERVICE, Defendant. | Case No.: 1:11-cv-01430 AWI JLT ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS (Doc. 7) ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND |

John Frederick Wheeler ("Plaintiff") seeks to proceed *in forma pauperis* and *pro se* with an action for violations of the United States Constitution. For the following reasons, Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**, and his complaint is **DISMISSED WITH LEAVE TO AMEND**.

**I.  Proceeding *in forma pauperis***

The Court may authorize the commencement of an action without prepayment of fees "but a person who submits an affidavit that includes a statement of all assets such person . . . possesses [and] that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a). The Court has reviewed the application and has determined that it satisfies the requirements of 28 U.S.C. § 1915(a). Therefore, Plaintiff's Motion to Proceed In Forma Pauperis (Doc. 7) is **GRANTED**.

///

1

## II. Screening Requirement

When a plaintiff is proceeding *in forma pauperis*, the Court is required to review the complaint, and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is "frivolous, malicious or fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. 1915(e)(2). A claim is frivolous "when the facts alleged arise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

## III. Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of the complaint is to give the defendant fair notice of the claims against him, and the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.

*Iqbal*, 129 S.Ct. at 1949.  Where the factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; conclusions in the pleading are not entitled to the same assumption of truth.  *Id.*  If the Court determines that the complaint fails to state a cognizable claim, the Court may grant leave to amend to the extent that deficiencies of the complaint can be cured by an amendment.  *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

**IV.   Federal Jurisdiction**

The district court is a court of limited jurisdiction, and is not empowered to hear every dispute filed by litigants.  *See Exxon Mobil Corp v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005); *A-Z Int'l. v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003).  The district court "possess[es] only the power authorized by Constitution and statute," and may only adjudicate claims raising federal questions or involving parties with diverse citizenship.  *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).  The federal courts are "presumed to lack jurisdiction in a particular case, unless the contrary affirmatively appears." *A-Z Int'l*, 323 F.3d at 1145 (quotations omitted).

A.   Diversity Jurisdiction

Plaintiff asserts the Court has jurisdiction over the matter "under diversity of citizenship... becouse (sic) one or more defendants live in another state or town, or county."  (Doc. 1 at 4). Diversity jurisdiction arises under 28 U.S.C. § 1332(a), which provides,

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between–(1) Citizens of different states; (2) citizens of a Sate and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state . . . as plaintiff and citizens of a State or different States.

*Id.*  Therefore, diversity jurisdiction requires complete diversity between the parties– each

defendant must be a citizen of a different state from each plaintiff." *Diaz v. Davis*, 549 F.3d 1223, 1224 (9th Cir. 2008), citing *Strawbridge v. Curtiss*, 7 U.S. 267 (1806).  Importantly, a federal agency, such as the USPS, is not a citizen of any state for purposes of diversity jurisdiction. *See Hancock Fin. Corp. v. Fed. Sav. & Loan Ins. Corp.*, 492 F.2d 1325, 1329 (9th Cir. 1974) (finding that because an entity was "an agency and instrumentality of the federal government," it was "not a citizen of any particular state for diversity purposes").  Therefore, the Court lacks diversity jurisdiction over the matter.

### B.  Federal question jurisdiction and sovereign immunity

Federal question jurisdiction, arising under 28 U.S.C. § 1331, requires a complaint (1) arise under a federal law or the U.S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, §2 of the U.S. Constitution, or (3) be authorized by a federal statute that regulates a specific subject matter *and* confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962).  Plaintiff's complaint appears to invoke federal question jurisdiction, because he alleges the United States Postal Service ("USPS") committed "violations of United States Constitution Amendments 1, 5, [and] 14."  (Doc. 1 at 1).

It is well-settled law that "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 472, 475 (1994).  As a result, "the existence of consent is a prerequisite for jurisdiction," and the Court may apply a two-step analysis to determine whether the United States or its agency is immune from suit. *Id; United States v. Mitchell*, 462 U.S. 206, 212 (1983).  The Supreme Court explained: "The first inquiry is whether there has been a waiver of sovereign immunity.  If there has been such a waiver . . . the second inquiry comes into play– that is, whether the source of substantive law upon which the claimant relies provides an avenue for relief." *Meyer*, 510 U.S. at 484.

Importantly, the USPS is an "independent establishment" of the executive branch, and the two-step analysis is applicable to determine whether the USPS is protected by sovereign immunity. *U.S. Postal Serv. v. Flamingo Indus. (USA) Ltd.*, 540 U.S. 736, 744 (2004); *Currier v. Potter*, 379 F.3d 716, 724 (9th Cir. 2004).  The Postal Reorganization Act ("PRA") provides that the USPS has the power to "sue and be sued in its official name."  39 U.S.C. § 401(1).  The

4

Supreme Court has determined that this provision satisfies the first step of the sovereign immunity analysis. *See Flamingo Indus.*, 540 U.S. at 743-44. Thus, the question arises whether the substantive law upon which Plaintiff states his claims provides an avenue for relief against the USPS.

It appears that Plaintiff seeks to challenge the policy of the USPS regarding mail addressed to persons at hotels and apartment houses. (Doc. 1). According to Plaintiff, he resided previously at the Country Inn Motel, and went to the Post Office to complete a change of address form for his mail to be delivered to his new home address. *Id.* at 2. In response, Plaintiff received a letter dated May 19, 2011, explaining that the USPS is "prohibited from accepting a Family or Individual change of address from a business address." *Id.* at 12. Also, Plaintiff received a notice dated June 13, 2011, which attached an enclosure explaining the USPS was prohibited "from forwarding mail from hotels, institutions, or schools." *Id.* at 16-17. Specifically, the excerpt from the Postal Operations Manual provides, in relevant part:

> Mail addressed to persons at hotels, schools, and similar places is delivered to the hotel or school. If the addressee is no longer at that address, the mail is redirected to his or her current address by the hotel or school. If the forwarding address is unknown, the mail is returned to the Post Office.

*Id* at 17. According to Plaintiff, through this policy the USPS is "willingly knowingly and unlawfully delivering mail to his old address . . . and illegally preventing [and] delaying" his mail. *Id.* at 2. Though Plaintiff seeks to "state[] the elements of a cause of action under the Civil Rights Act" (*id.* at 1), the USPS is not a "person" as defined by 42 U.S.C. § 1983,[1] and this cannot be the basis for relief against the USPS. *See Jachetta v. United States*, 2011 U.S. App. LEXIS 15808, at *20 (9th Cir. Aug. 1, 2011). Consequently, it appears the Court lacks subject matter jurisdiction over the claims, because the USPS enjoys sovereign immunity from suit for a civil rights action under § 1983.

Further, under the Federal Tort Claims Act ("FTCA") arising in 28 U.S.C. § 2680(b), the Court lacks jurisdiction to adjudicate a claim based upon the failure to deliver mail to a certain

---

[1] An individual may bring an action for the deprivation of civil rights pursuant to 42 U.S.C. § 1983, which is "a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

5

address. "Claim[s] arising out of the loss, miscarriage, or negligent transmission of letters or postal matter" are prohibited under the FTCA. *See Sportique Fashions, Inc v. Sullivan*, 597 F.2d 664, 665 (9th Cir. 1979) (noting enactment of the PRA did not repeal the FTCA, and " § 2680(b) remains as one of the limitations to the consent to suit which Congress superficially retained for the Postal Service"). The Supreme Court observed the terms "loss" and "miscarriage" as used in § 2680(b) address "failings in the postal obligation to deliver mail in a timely manner to the right address." *Dolan v. Postal Service*, 546 U.S. 481, 487 (2006). Therefore, the Court lacks subject matter jurisdiction under the FTCA.

## V. Leave to Amend

Leave to amend should be granted to the extent deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). A complaint, or a portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the Plaintiff can prove no set of facts, consistent with the allegations, in support of the claim or claims that would entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Palmer v. Roosevelt Lake Log Owners' Ass'n., Inc.*, 651 F.2d 1289, 1294 (9th Cir. 1981). Dismissal of a *pro se* complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts that he has alleged and that an opportunity to amend would be futile. *Lopez*, 203 F.3d at 1128.

If Plaintiff is not asserting a claim arising under the Civil Rights Act or the Federal Tort Claims Act for the deprivation of his constitutional rights, the Court may have jurisdiction over the matter. However, the matter of the Court's jurisdiction is unclear. Therefore, the Court will grant Plaintiff leave to amend the complaint to cure the deficiencies of his complaint by stating the necessary information, including facts such that the Court may determine whether it has jurisdiction over the matter. Failure to cure the deficiencies will result in a recommendation that the matter be dismissed with prejudice.

Plaintiff is informed that the Court cannot refer to a prior pleading in order to make Plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be

complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case.

The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Failure to file an amended complaint in accordance with this order will be considered to be a failure to comply with an order of the Court pursuant to Local Rule 110 and will result in dismissal of this action.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion to Proceed In Forma Pauperis (Doc. 7) is **GRANTED**;
2. Plaintiff's complaint (Doc. 1) **IS DISMISSED** with leave to amend; and
3. Plaintiff is GRANTED 21 days from the date of service of this order to file an amended complaint that complies with the requirements of the pertinent substantive law, the Federal Rules of Civil Procedure, and the Local Rules of Practice.

IT IS SO ORDERED.

Dated:   **October 24, 2011**                              **/s/ Jennifer L. Thurston**
                                                          UNITED STATES MAGISTRATE JUDGE