UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN FREDERICK WHEELER,<br><br>            Plaintiff,<br><br>      v.<br><br>UNITED STATES POSTAL SERVICE,<br><br>            Defendant. | Case No.: 1:11-cv-01430 AWI JLT<br><br>FINDINGS AND RECOMMENDATION DISMISSING PLAINTIFF'S FIRST AMENDED COMPLAINT WITH PREJUDICE FOR LACK OF JURISDICTION<br><br>(Doc. 12) |

John Frederick Wheeler ("Plaintiff") is proceeding *in forma pauperis* and *pro se* with an action for violations of the United States Constitution. Plaintiff commenced this action by filing his complaint on August 24, 2011 (Doc. 1), which the Court screened and dismissed with leave to amend on October 25, 2011 (Doc. 10). Plaintiff filed his First Amended Complaint on November 7, 2011 (Doc. 12), which is now before the Court for screening.

For the following reasons, the Court recommends Plaintiff's First Amended Complaint be **DISMISSED WITH PREJUDICE**.

**I.  Screening Requirement**

When a plaintiff is proceeding *in forma pauperis*, the Court is required to review the complaint and identify "cognizable claims." *See* 28 U.S.C § 1915(a)-(b). The Court must screen Plaintiff's First Amended Complaint because an amended complaint supersedes Plaintiff's previously filed complaint. *See Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997);

*King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

The Court must dismiss a complaint, or portion of the complaint, if it is "frivolous, malicious or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2). A claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

## II.  Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of the complaint is to give the defendant fair notice of the claims against him, and the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The

> plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.

*Iqbal*, 129 S.Ct. at 1949. Where the factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; conclusions in the pleading are not entitled to the same assumption of truth. *Id.* If the Court determines that the complaint fails to state a cognizable claim, the Court may grant leave to amend to the extent that deficiencies of the complaint can be cured by an amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

### III.  Plaintiff's Allegations

It appears that Plaintiff seeks to challenge the policy of the USPS regarding mail addressed to persons at hotels and apartment houses. (Doc. 12). According to Plaintiff, he went to the Post Office to complete a change of address form for his mail to be delivered at a new address, and in response received a letter explaining that the USPS was "unable to fulfill [his] request to forward his personal mail from the business address provided." *Id.* at 5.[1] Plaintiff resided previously at the Country Inn Motel, and sought to have mail forwarded to his new address. *Id.* Plaintiff contends the USPS is "willingly knowingly and unlawfully delivering mail to his old address knowing he no [] longer lives there. . . and illegally preventing [and] delaying" U.S. mail. (Doc. 12 at 5). Plaintiff asserts the USPS has an obligation to deliver his mail to the address where he lives, and a "duty to not deliver U.S. mail to an address where they know he [does] not live." *Id.* at 8.

### IV.  Federal Jurisdiction

The district court is a court of limited jurisdiction, and is not empowered to hear every dispute filed by litigants. *See Exxon Mobil Corp v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005); *A-Z Int'l. v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003). The district court

---

[1] With his initial complaint, Plaintiff provided a copy of a notice dated June 13, 2011, which explained the USPS was prohibited "from forwarding mail from hotels, institutions, or schools." (Doc. 1 at 16-17). In addition, Plaintiff received a copy of the relevant portion of the Postal Operations Manual, which provides sets forth "mail is redirected to [an individual's] current address by the hotel or school," if the individual no longer resides at that address. *Id.* at 17.

3

"possess[es] only the power authorized by Constitution and statute," and may only adjudicate claims raising federal questions or involving parties with diverse citizenship. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). The federal courts are "presumed to lack jurisdiction in a particular case, unless the contrary affirmatively appears." *A-Z Int'l*, 323 F.3d at 1145 (quotations omitted).

### A.  Diversity Jurisdiction

In the First Amended Complaint, Plaintiff re-asserts the Court has jurisdiction over the matter "under diversity of citizenship...[because] one or more defendants live in another state or town, or county." (Doc. 12 at 4). Diversity jurisdiction arises under 28 U.S.C. § 1332(a), which provides,

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between–(1) Citizens of different states; (2) citizens of a Sate and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state . . . as plaintiff and citizens of a State or different States.

*Id.* Therefore, diversity jurisdiction requires complete diversity between the parties– each defendant must be a citizen of a different state from each plaintiff." *Diaz v. Davis*, 549 F.3d 1223, 1224 (9th Cir. 2008), citing *Strawbridge v. Curtiss*, 7 U.S. 267 (1806). As the Court informed Plaintiff previously, "a federal agency, such as the USPS, is not a citizen of any state for purposes of diversity jurisdiction." (Doc. 10 at 4) (citing *Hancock Fin. Corp. v. Fed. Sav. & Loan Ins. Corp.*, 492 F.2d 1325, 1329 (9th Cir. 1974) (finding that because an entity was "an agency and instrumentality of the federal government," it was "not a citizen of any particular state for diversity purposes")). Therefore, Plaintiff is unable to invoke diversity jurisdiction.

### B.  Federal question jurisdiction

Federal question jurisdiction, arising under 28 U.S.C. § 1331, requires a complaint (1) arise under a federal law or the U.S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, §2 of the U.S. Constitution, or (3) be authorized by a federal statute that regulates a specific subject matter *and* confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). Plaintiff's First Amended Complaint appears to invoke federal question jurisdiction,

because he alleges the United States Postal Service ("USPS") committed "violations of United States Constitution Amendments 1, 4, 5, [and] 14." (Doc. 12 at 1). In addition, Plaintiff asserts the Court has jurisdiction under the Postal Reorganization Act. *Id.*

It is well-settled law that "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 472, 475 (1994). As a result, "the existence of consent is a prerequisite for jurisdiction," and the Court may apply a two-step analysis to determine whether the United States or its agency is immune from suit. *Id; United States v. Mitchell*, 462 U.S. 206, 212 (1983). The Supreme Court explained: "The first inquiry is whether there has been a waiver of sovereign immunity. If there has been such a waiver . . . the second inquiry comes into play– that is, whether the source of substantive law upon which the claimant relies provides an avenue for relief." *Meyer*, 510 U.S. at 484.

Importantly, the USPS is an "independent establishment" of the executive branch, and the two-step analysis is applicable to determine whether the USPS is protected by sovereign immunity. *U.S. Postal Serv. v. Flamingo Indus. (USA) Ltd.*, 540 U.S. 736, 744 (2004); *Currier v. Potter*, 379 F.3d 716, 724 (9th Cir. 2004). The Postal Reorganization Act ("PRA") provides that the USPS has the power to "sue and be sued in its official name." 39 U.S.C. § 401(1). Plaintiff asserts the PRA establishes jurisdiction (Doc. 12 at 1), but the Supreme Court has determined this provision satisfies *only* the first step of the sovereign immunity analysis. *See Flamingo Indus.*, 540 U.S. at 743-44. Thus, the question remains whether the substantive law upon which Plaintiff states his claims provides an avenue for relief against the USPS.

Though the Court informed Plaintiff he was unable to pursue claims under the Civil Rights Act or the Federal Tort Claims Act (Doc. 10 at 5-6), Plaintiff failed to establish an alternative for pursuing claims against the USPS for violations of his constitutional rights. Notably, the amendments to the Constitution do not create a direct cause of action. *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001) ("a litigant complaining of a violation of a constitutional right does not have a direct cause of action under the United States Constitution"). Consequently, the Court lacks jurisdiction over Plaintiff's claims.

///

## V.  Findings and Recommendation

Plaintiff has not shown the USPS is amenable to suit for the failure to forward mail from his previous address at the Country Inn Motel.  Notably, United States Postal Service has not waived sovereign immunity for "(a)ny claim arising out of the loss, miscarriage or negligent transmission of letters and postal matter."  28 U.S.C. § 2680(b); *see also Sportique Fashions, Inc v. Sullivan*, 597 F.2d 664, 665 (9th Cir. 1979) (noting suit against the USPS for lost and late mail "would be prohibited by 28 U.S.C. § 2680(b)").  In addition, Supreme Court has noted that the terms of § 2680(b) include claims for "failings in the postal obligation to deliver mail in a timely manner *to the right address*."  *Dolan v. Postal Service*, 546 U.S. 481, 487 (2006) (emphasis added).  Consequently, Plaintiff is unable to establish that the USPS has waived its sovereign immunity, and the Court lacks jurisdiction over the matter.

Accordingly, **IT IS HEREBY RECOMMENDED**:  Plaintiff's First Amended Complaint be **DISMISSED WITH PREJUDICE** for lack of jurisdiction.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within fourteen days after being served with these findings and recommendations, Plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 11, 2011**                              **/s/ Jennifer L. Thurston**
                                                                                       UNITED STATES MAGISTRATE JUDGE